Dear Mr. Johnson:
This opinion letter is in response to your question asking:
 Was the action of the St. Clair County Commission taken in September, 1986, relating to the imposition of a sales tax of one-half of one percent on utility services, valid, where there had been, in 1984, a vote of the people in St. Clair County which approved the imposition of a sales tax of one-half of one percent?
The tax in question is contained in Sections 67.500 to67.545, RSMo 1986, which sections are referred to as the "County Sales Tax Act." Subsection 3 of Section 67.505 states that the tax may be imposed on the receipts from the sale at retail of all tangible personal property or taxable services at retail within any county adopting such tax if such property and services are subject to taxation by the State of Missouri under the provisions of Sections 144.010 to 144.510, RSMo. Furthermore, Section 67.520.1(2), provides that all exemptions available under Sections 144.010 to 144.510, RSMo, are also available under the County Sales Tax Act.
In 1984 at the time the county sales tax was proposed and submitted to the voters in St. Clair County, Section144.030.2(23), RSMo, exempted from the state sales tax all sales of metered water service, electricity, electrical current, natural, artificial or propane gas, wood, coal or home heating oil for domestic use, except as otherwise provided in Section 144.032. Section 144.032, RSMo, provided that counties by ordinance could impose a sales tax under the provisions of Sections 67.500 to 67.545, RSMo, upon all sales of metered water services, electricity, electrical current and natural, artificial or propane gas, wood, coal, or home heating oil for domestic use only.
Article X, Section 22(a) of the Missouri Constitution, which was adopted in 1980 as part of what is commonly referred to as the Hancock Amendment, provides in part:
 Section 22. Political subdivisions to receive voter approval for increases in taxes and fees — rollbacks may be required — limitation not applicable to taxes for bonds. (a). Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. If the definition of the base of an existing tax, license or fees, is broadened, the maximum authorized current levy of taxation on the new base in each county or other political subdivision shall be reduced to yield the same estimated gross revenue as on the prior base. . . .
The County Sales Tax Act was adopted in St. Clair County by the voters in 1984 without limitations or qualifications of any kind. That is, at the time the voters of St. Clair County adopted the county sales tax, the statutes governing such tax authorized the county to impose the tax on such utility services for domestic use by ordinance. By authorizing the tax, the voters also authorized the County Commission to impose the tax upon the sale of such utility services for domestic use within the county under the provisions of Section 144.032.
Therefore, it is the opinion of this office that the imposition of the sales tax by the St. Clair County Commission on such utility services does not violate the Hancock Amendment.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General